UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINNON TYSON,

    Plaintiff,

                              Case No. 11-13898

v.

                              Hon. John Corbett O'Meara

PATRICK R. DONAHUE,
Postmaster General,

    Defendant.
_____/

**ORDER DENYING APPLICATION**
**FOR APPOINTMENT OF COUNSEL**

      Before the court is Plaintiff's application for appointment of counsel. The court granted Plaintiff's application to proceed *in forma pauperis* on November 1, 2011, and ordered service of Plaintiff's complaint by the U.S. Marshal. Plaintiff's complaint alleges employment discrimination based upon his race and gender.

      Unlike in criminal cases, the appointment of counsel in a civil case is not a constitutional right, but is a privilege "justified only by exceptional circumstances." See Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982); Lavado v. Keohene, 992 F.2d 601, 605 (6th Cir. 1993).

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." This generally involves a determination of the "complexity of the factual and legal issues involved." Appointment of counsel . . . is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim.

Lavado, 992 F.2d at 605 (citations omitted). See also Henry v. City of Detroit Manpower Dept., 763 F.2d 757, 760 (6th Cir. 1985) (in considering an application for appointment of counsel in

civil cases, the court "should at least consider a plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit").

A review of the complaint and application to appoint counsel does not reveal "exceptional circumstances" justifying the appointment of counsel at this time.  Moreover, the court is unaware of what efforts, if any, Plaintiff has made to obtain counsel on a contingency basis.  In the event that this case survives dispositive motions and proceeds to trial, the court will revisit Plaintiff's application.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application for appointment of counsel is DENIED.


                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  December 9, 2011


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 9, 2011, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager